UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

SHOALEH ZIBA

     Plaintiff

v.

BROWARD ADJUSTMENT SERVICES INC.

     Defendant

_____/

## COMPLAINT

### JURISDICTION AND PARTIES

1.      This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq. and the Florida Consumer Collections Practices Act Fla. Stat. (FCCPA) §559.55 et. seq.

2.      This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.      Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.      Plaintiff, SHOALEH ZEBA ("ZEBA"), is a natural person residing at all relevant times in Broward County, Florida.

5.      Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.      Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.      Defendant BROWARD ADJUSTMENT SERVICES INC. ("BAS") is a Florida Corporation with its principle place of business in Fort Lauderdale, and is in the business

of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Broward County, Florida. This includes, but is not limited to, calling and mailing Broward County consumers to collect debts.

8.      Defendant regularly collects debts, and accounts receivables for its clients, and accepts payments from consumers to pay debts. Defendant is thus a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.      Furthermore, Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7), or is otherwise a person or entity obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10.      The debt which Defendant sought to collect which gives rise to the allegations herein, was related to personal, family and household goods and items, specifically, medical debt, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55 (6).

11.      On April 29, 2015, during a telephone conversation about a debt allegedly incurred with her medical providers relating to an account ending in 114203 which upon information and belief may be related to an alleged University of Miami Hospital debt, Plaintiff informed an agent of Defendant that she would like to dispute the debt for the purpose of having the debt marked as or reported as disputed for the purposes of future credit reporting.

12.    In response, an agent of Defendant asked the Plaintiff what the reason for disputing was. Defendant's agent then informed the Plaintiff that she had 30 days to dispute the debt, and that because that time frame had expired, the debt was now "valid."

13.    In fact, these statements by Defendant's agent were false and misleading. 15 U.S.C. §1692e(8), states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

14.    Thus, under Section e(8), a debt collector must communicate that a debt is disputed the next time it reports the debt to a credit agency if it is made aware that a debt is disputed.

15.    Contrary to Defendant's agent's assertion to Plaintiff, a consumer need not provide any reason or explanation as to why the debt is disputed.

16.    Furthermore, Section e(8) contains no 30-day time frame to dispute a debt, as does 15 U.S.C. 1692g(a). The rights, obligations, and duties of both a consumer and debt collector are distinct and different under both statutes.

17.    Furthermore, the Fair Credit Reporting Act (FCRA) also requires the Defendant to report the dispute to credit agencies, regardless of whether the dispute is made in writing, without any arbitrary 30-day time limit. 15 U.S.C. §1681s-2(a)(3).

18.    Even under Section 1692g(a) of the FDCPA, the Defendant's agent's communications would be false and misleading, in that a consumer's failure to dispute

3

debt under said statute creates no legal presumption that a debt is legally valid. It only allows a debt collector to consider a debt valid.

19.     The statement by the Defendant that the debt is now "valid," combined with the Defendant's agent's requesting a reason for the dispute, would lead the least sophisticated consumer to believe that the debt was in fact legally valid solely because she did not exercise her §1692g rights.  At best, it would lead the least sophisticated consumer to be confused whether the debt was only being considered valid by the Defendant, or whether Defendant was representing that the debt was legally valid.

20.     By misrepresenting a consumer's rights related to disputing of debts under §1692e(8), and pursuant to the FCRA, and discouraging a consumer from exercising rights thereunder, a consumer is coerced into paying rather than disputing a debt just to preserve credit. One court has stated that reporting to a credit bureau is "a powerful tool designed in part to pressure consumers to keep to the payment terms of all their obligations." Rivera v. Bank One 145 F.R.D. 614 (D.P.R. 1993). Thus, the misrepresentation discourages the consumer from utilizing a powerful and important right given to the consumer under the FDCPA with respect to the reporting of his or her debts to credit agencies.

21.     The misrepresentation that the debt is valid, also has the effect of coercing a consumer into paying even disputed or invalid debts, under the false assumption that legal rights have been waived, or that there is some legal presumption that any defenses to the debt would be futile or have been waived.

22.     The misrepresentations herein are communications to collect a debt as defined, covered and protected by the FDCPA and FCCPA.

4

23. The actions by Defendant's agents herein were acting under the direction and employ of Defendant, as agents authorized to speak on behalf of Defendants and/or with the knowledge, consent and/or permission of the Defendant herein.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. 1692e

27. Plaintiff realleges and reavers the allegations above as if fully set forth herein.

28. Plaintiff has used false, deceptive and misleading means to collect the debt, in violation of:

A) 15 U.S.C. §1692e by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, as further stated in Section e(8) and the FCRA and as described above. Additionally, the representation that the debt is currently valid because it was not previously disputed, is also a deceptive practice and a misrepresentation, and is contrary to 15 U.S.C. 1692g(c).

B) 15 U.S.C. §1692e by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, as further stated in Section e(8) and the FCRA and as described above. Additionally, the representation that the debt is currently valid

5

because it was not previously disputed, is also a deceptive practice and a misrepresentation, and is contrary to 15 U.S.C. 1692g(c).

29.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages    pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II — VIOLATION OF THE FCCPA

24.     Plaintiff realleges and reavers paragraphs 1-29 as if fully set forth herein.

25.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

**Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist*.[emphasis added]**

26.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

27.     Defendant knowingly and intentionally misrepresented that it had the legal right to require the Plaintiff to reasons for the dispute as a precondition to

6

Defendant's reporting the debt as disputed to credit agencies in the future. Defendant furthermore intentionally informed Plaintiff that the Defendant had no legal obligation to report the debt as disputed, when in fact it did if it made future communications with credit agencies once it learned of the dispute from the Plaintiff. Defendant furthermore misrepresented that the debt was "valid," when in fact, it is not presumed valid as a matter of law under the FDCPA.

28.     Defendants made the misrepresentations knowingly and intentionally, well aware that they would coerce Plaintiff into paying rather than disputing the debt. Defendants were aware that the harder it is for a consumer to dispute a debt the more likely it is the consumer simply pays, as an only option to preserve credit.

29.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

30.     The violations herein are intentional and knowing such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.77(2).

31.     Plaintiff has retained undersigned counsel and is indebted to same a reasonable attorney's fees in the prosecution of this action.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff requests a jury trial for all matters so triable as a matter of law.

7

DATED THIS 14 day of July 2015

Respectfully Submitted by:

**JASON WEAVER PA**

Jason Weaver esq
FBN 0392596
2970 N. 29th Ave. Ste 120
Hollywood FL 33020
(954) 870-4090
jason@jasonweaverpa.com
*Attorneys for Plaintiff*

8